Dear Mr. Smith:
Essentially, you ask whether a certain formal position or special job specification can be lawfully created, with the approval of the State Police Commission, within the Department of Public Safety and Corrections, Office of State Police. It is envisioned that this position would organizationally report directly to the Colonel or Lieutenant Colonel of State Police, be filled by the president of the Louisiana Troopers Association, and entail the duties of an official employees' liaison, even though the position could not constitute true labor representation as such. As you have informed us, there is no collective bargaining agreement between the Louisiana Troopers Association and the Office of State Police.
Although the details of the job duties and the manner of appointment are not given to us in particularized form, it is our opinion that this kind of a position, as long as the job duties and manner of appointment are formalized in a way that otherwise meets legal requirements generally, may be lawfully created through the concurrence of the deputy director for public safety services [Cf. R.S. 36:405(A)(1)(a) and (b) and (2) and R.S. 40:1306] and the State Police Commission [Art. 10, § 43 La. Const'n (1974)]. Specifically, Art. 10, § 42
La. Const'n (1974) provides:
" § 42. Classified and Unclassified Service
 "Section 42. (A) Classified Service. The state police service is divided into the unclassified and the classified service. Persons not included in the unclassified service are in the classified service.
 "(B) Unclassified Service. The State Police Commission shall determine those positions which shall be in the unclassified service and may provide that any such position shall become classified."
We need to emphasize that this opinion of law is necessarily generalized by the details left open in the request and speaks only to the general lawfulness of having this kind of position. There could be further problems with details. For example, it probably would be illegal for the position to be established under a formal requirement that whoever is elected president of the Louisiana Troopers Association by the members of that organization would be automatically appointed, although the deputy director for public services, in accordance with the rules of the State Police Commission, could appoint whoever happened to be president of that organization. Moreover, the deputy director for public safety services and the State Police Commission would have to determine whether having such a position is in the best interests of the state, the Department of Public Safety and Corrections, and the Office of State Police and is better for the operation of the state police than the status quo or some other alternative. Such determinations are for them to make and are beyond the scope of an attorney general's opinion as to what the law is.
Trusting this opinion has adequately answered your request, we remain
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: THOMAS S. HALLIGAN Assistant Attorney General
RPI/TSH/bb 0880f